# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

ROGER JOHNSON,
    *Petitioner*,

v.                                                         No. 3:16-cv-01861 (JAM)

EDWARD MALDONADO,
    *Respondent*.

## RULING DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Roger Johnson brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2004, he pleaded guilty to charges of first-degree assault and first-degree reckless endangerment. He was sentenced pursuant to his plea agreement to twenty years in prison. He now claims that his trial counsel was ineffective in several ways. Because it is clear that the Connecticut state courts did not unreasonably apply federal law in rejecting petitioner's claims, I will deny the petition.[1]

### BACKGROUND

Petitioner was charged with multiple serious crimes arising from an incident when he attacked a woman in the face with a butcher knife at her apartment in Bridgeport in February 2004. Doc. #7-2 at 6. The matter went to trial in the Connecticut Superior Court, and on the second day of trial petitioner decided to enter a plea of guilty to charges of first-degree assault and first-degree reckless endangerment. *See Johnson v. Warden*, 2015 WL 1427833, at *1-2 (Conn. Super. Ct. 2015); Doc. #7-2.

---

[1] Petitioner has named "Maldano" as respondent, when in fact the respondent warden's name was Edward Maldonado. The Clerk of Court is requested to amend the docket case caption to reflect the correct spelling of respondent's name.

The guilty plea transcript makes clear that petitioner was agreeing to a prison term of 20 years imprisonment as part of his guilty plea. The prosecutor stated that "Mr. Johnson will serve twenty years in prison, Judge." Doc. #7-2 at 6-7. The judge then followed up with the following advisories:

> THE COURT: I want . . . you [to] listen to this very carefully, Mr. Johnson. When you come back on November 20th, this will be the sentencing that will take place. On the assault in the first degree, *you will be sentenced to the custody of the Commissioner of Corrections for a period of twenty years*. Five years of that are nonmodifiable or suspendible. On the reckless endangerment, you will be committed to the Commissioner of Corrections for a period of one year to run concurrently with the prior, with the prior count of the assault one. *For a total effective sentence of twenty years to serve*, five years of which will be nonmodifiable or suspendible. . . . Sir, is that the plea arrangement as you understood it?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you have any questions about it?
>
> THE DEFENDANT: Not at all.

Doc. #7-2 at 12 (emphasis added).

On December 3, 2004, petitioner was sentenced to twenty years in prison. But at this hearing, he objected to the sentence, contending that it was not the sentence he thought he had agreed to:

> THE DEFENDANT: It was 20 years. 5 was dropped off the 20 or something like that.
>
> THE COURT: I don't – there's nothing that's dropped off as far as my sentence is concerned. Whether Corrections does something is a different story.
>
> THE DEFENDANT: This is what I – my counselor had told me the last time I was here, for me to come out to the plea, he says, what we'll do is the 20 and drop 5 off the 20.
>
> THE COURT: Well ---
>
> THE DEFENDANT: So I was led to believe that it was 15.

2

Doc. #7-3 at 6. After this exchange, the judge reviewed the transcript from the guilty plea hearing. He concluded that "the sentence which has been imposed today is consistent with the plea bargain that was entered into and which you pled to and which I canvassed you on." *Id.* at 9.

Since the sentencing, petitioner has filed four habeas petitions in Connecticut state courts. In September 2012, petitioner filed his fourth habeas petition. He alleged that his trial counsel was ineffective because he failed to make an adequate pretrial investigation into the case, failed to adequately cross-examine certain witnesses, and failed to explain the plea offer. He also claimed that his first habeas appellate counsel was ineffective. After a trial, the habeas court denied his petition, concluding in relevant part that petitioner's trial counsel had not been constitutionally ineffective. *See Johnson*, 2015 WL 1427833, at *3-5. The Connecticut Appellate Court dismissed petitioner's appeal without comment, *Johnson v. Comm'r of Correction*, 166 Conn. App. 903 (2016), and the Connecticut Supreme Court denied certification for appeal from the Appellate Court. *Johnson v. Comm'r of Correction*, 323 Conn. 908 (2016). Petitioner has now filed this federal habeas corpus petition that raises four claims of ineffective assistance of counsel.

## DISCUSSION

Federal courts have very limited authority to overturn state court convictions. A state court defendant who seeks relief by way of a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must show that his state court conviction was rendered by means of a very clear violation of federal law—*i.e.*, that the state court's adjudication of his claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that it "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

3

presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *see also Chrysler v. Guiney*, 806 F.3d 104, 118 (2d Cir. 2015) (reviewing governing standard).

This is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). As the Supreme Court has explained, "[w]hen reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 135 S. Ct 1372, 1376 (2015) (*per curiam*).

The Supreme Court has adopted the presumption that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). The Appellate Court and Supreme Court of Connecticut dismissed the petitioner's appeal from the state habeas court's ruling without comment. The most recent reasoned opinion by a Connecticut court is therefore the opinion of the state habeas court. *See Johnson*, 2015 WL 1427833. I will therefore review the findings and reasoning of that opinion under the deferential standard of 28 U.S.C. § 2254.

Petitioner claims that his trial counsel rendered constitutionally ineffective assistance of counsel. A claim of ineffective assistance of counsel is reviewed in light of the well-established, two-part standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must show deficient performance—that counsel's conduct "fell below an objective standard of reasonableness" established by "prevailing professional norms"—and, second, a defendant must show that this deficient performance caused prejudice. *Id.* at 687–88.

4

A similar "two-part . . . test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The prejudice prong in this context "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. In other words, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*; *see also Kovacs v. United States*, 744 F.3d 44, 51-52 (2d Cir. 2014) (discussing various ways how prejudice may be shown in guilty plea context).

These tests are themselves deferential to the strategic choices of counsel, and when a claim of ineffective assistance is presented by way of a state court prisoner's federal petition for writ of habeas corpus under 28 U.S.C. § 2254(d), a federal court's review of an ineffective assistance claim becomes "doubly deferential" to the determinations of trial counsel and the state courts. *See Woods*, 135 S. Ct. at 1376 (internal quotation marks and citation omitted).

Petitioner raises four claims of ineffective assistance.[2] First, petitioner claims that "trial counsel lied about [the] plea agreement." Doc. #1 at 9. I conclude that the state habeas court did not unreasonably determine the facts, much less unreasonably apply federal law when rejecting that claim. The habeas court found that "the transcripts of the criminal proceedings stand in stark contrast to the petitioner's testimony that he did not understand the terms of his sentence." *Johnson*, 2015 WL 1427833, at *5. Based on my own review of the transcripts, this conclusion is clearly correct: petitioner was expressly advised that he would be sentenced to a term of 20 years imprisonment, without any suggestion or promise of a reduction in this sentence.

---

[2] To the extent that the last two of petitioner's claims were not fully exhausted in the state courts as respondent suggests, the Court may nonetheless consider them if they lack any support in the record. *See* 28 U.S.C. § 2254(b)(2).

Second, petitioner claims "trial counsel failed to adequately explain [the] State's plea." Doc. #1 at 11. This claim is very similar to the first claim, and it finds no support in the guilty plea transcript. Accordingly, I cannot conclude that it was unreasonable for the state habeas court to reject this claim.

Third, petitioner claims that trial counsel "refused to conduct pre-trial investigation." Doc. #1 at 13. The habeas court did not specifically address this failure-to-investigate claim, but grouped it with all of petitioner's ineffectiveness claims. *See Johnson*, 2015 WL 1427833, at *3. The court held that "the numerous allegations of deficient performance . . . have not been substantiated. Trial counsel is presumed to have rendered effective counsel unless deficient performance is affirmatively proven. The petitioner has failed to rebut this strong presumption with credible evidence." *Id.* at *5.

At the habeas trial, petitioner testified that his attorney "didn't bring out any evidence in my case to help me win, didn't investigate my case properly. . . . He never came to see me, discuss my case with me. He never contacted any witnesses . . . ." Doc. #7-22 at 7. Beyond these vague allegations, petitioner did not name a witness he would have liked the attorney to interview, nor did he explain how or why doing so would have made a difference in the outcome of his case. It was not unreasonable for the habeas court to find that conclusory allegations of a deficient investigation were insufficient to satisfy petitioner's burden of demonstrating that his attorney rendered inadequate assistance. In view of the lack of evidence of actual innocence or any explanation how any additional investigation would have altered petitioner's decision to enter a guilty plea as he did, I conclude that the state court did not unreasonably determine the facts or unreasonably apply federal law to reject petitioner's claim.

Lastly, petitioner claims that "trial counsel failed to inform petitioner of his right to file for sentence review." Doc. #1 at 15. Under Connecticut law, sentence review is not available "in any case in which the sentence or commitment imposed resulted from the court's acceptance of a plea agreement." Conn. Gen. Stat. § 51-195; *King v. Comm'r of Correction*, 73 Conn. App. 600, 604 (2002). Accordingly, trial counsel was not ineffective by failing to advise petitioner of a right that he did not have under the law.

In addition, the habeas court rejected petitioner's related argument that his trial counsel was ineffective by failing to apprise petitioner that he would *not* have the right to sentence review. *See Johnson*, 2015 WL 1427833, at *3-5. Because the record amply supports the habeas court's determination that there would have been no effect on petitioner's decision to plead guilty, I cannot conclude that the habeas court unreasonably decided the facts or unreasonably applied federal law.

## CONCLUSION

The petition for writ of habeas corpus is DENIED. Because petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk is directed to enter judgment in favor of the respondent and to close this case.

It is so ordered.

Dated at New Haven this 5th day of January 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge